## SAM DIAL v. THE STATE.

No. 19444.   Delivered February 16, 1938.

The opinion states the case.

*Crow & Chessher,* of Groveton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 15 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed A. C. Wortham by shooting him with a gun.

According to the version of the State, appellant had resented the fact that deceased had reported him to the officers for an alleged offense. The homicide occurred at night in a section house in which deceased was sleeping. Immediately after he was shot deceased stated to witnesses for the State that appellant was his assailant. According to appellant's version, he had gone to the section house on a peaceable mission. Deceased attacked him, and, in the scuffle, appellant's shotgun was discharged.

Bill of exception No. 1 relates to the declarations of deceased concerning the shooting. The qualification appended to the bill of exception clearly shows that the statement was res gestae. Under the circumstances, it was properly receivable in evidence.

Bill of exception No. 2 is in the same attitude as the foregoing bill.

Bill of exception No. 3 is concerned with appellant's objection to the testimony of a witness to the effect that he went to the section house the morning after the homicide and found deceased's clothes there. As qualified, the bill of exception shows that it was a material issue as to whether deceased had undressed and gone to bed at the time he was shot. Under the circumstances, the testimony set forth in the bill was properly admitted.

Bills of exception 4 to 11, both inclusive, relate to alleged improper impeachment of certain witnesses for the appellant. These bills fail to show that the witnesses gave material testimony on behalf of the appellant. Hence they are not sufficient to present reversible error.

The testimony of the witness set forth in bill of exception No. 12 to the effect that he heard a shot fired in the section house at the time deceased was mortally wounded, and heard someone say "For God's sake, don't shoot me any more," was clearly admissible.

It is shown in bill of exception No. 13 that appellant offered to prove by an attorney that the statute required a certain predicate for the admission of dying declarations. This testimony was properly rejected. It was the province of the court to instruct the jury as to the law.

Bill of exception No. 14 reflects that counsel for the State,

in argument, stated to the jury, in substance, that appellant was a maniacal negro running around the county with a shotgun. The court sustained the objection to the argument and instructed the jury not to consider it for any purpose. Also it is observed that the bill, as qualified, shows that the appellant habitually carried a shotgun, and that, shortly prior to the homicide, he had engaged in a gun battle with one Green Wortham. Again, the qualification shows that appellant had been drinking whisky on the day of the homicide. We quote from the qualification: "The evidence shows that the defendant is a negro, and that the deceased was a negro." We are unable to reach the conclusion that the bill, as qualified, reflects reversible error.

In his motion for new trial appellant alleged that one of the jurors was prejudiced. We think the testimony adduced upon the hearing was not sufficient to support the allegation, and that the trial judge properly exercised his discretion in overruling the motion.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.